**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 99-31265**

---

**JOSEPH H. MATHIS,**

**Plaintiff-Appellant,**

**VERSUS**

**TIMOTHY K. HADNOT, ET AL.,**

**Defendants,**

**HOUSTON BURNS; JOHN S. CRAFT, Sheriff, in his capacity as Sheriff of Vernon Parish, Louisiana; RONALD G. HAGAN; DAVID CAUSEY,**

**Defendants-Appellees.**

--------------------------------------------------------

**JOE NAJAR; ET AL.,**

**Plaintiffs,**

**VERSUS**

**BRAD E. GILBERT; ET AL.,**

**Defendants.**

---

Appeal from the United States District Court
For the Western District of Louisiana
(96-CV-53)

---

February 20, 2001

Before POLITZ, DeMOSS and STEWART, Circuit Judges.

PER CURIAM[*]:

## I.

In this action, Appellant Joseph H. Mathis ("Mathis") sought recovery for injuries he sustained in an automobile accident which he contends Vernon Parish Sheriff's Deputy David Causey failed to take adequate precautions to prevent. Amongst others, Mathis sought recovery from Causey's primary employer, Sheriff John S. Craft ("the Sheriff"),[2] contending that the Sheriff was vicariously liable for the actions of Causey even though Causey was privately employed in an off-duty security role at the time of the accident. Mathis also claimed that the Sheriff was vicariously liable for the negligence of two other on-duty deputies, Houston Burns and Ronnie Hagan, for failing to take precautions to prevent the accident and to provide assistance at the scene of the accident. The district court entered a summary judgment in favor of the Sheriff and Deputies Causey, Burns, and Hagan. Though final judgment had not yet been entered with respect to the remaining defendants, the district court ordered that the summary judgment be made final pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Mathis thereafter timely appealed.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2] Sheriff Craft succeeded Sheriff Frank A. Howard in office as the Sheriff of Vernon Parish, Louisiana. For ease of reference, Sheriffs Howard and Craft are referred to as "the Sheriff."

The sole issue presented in this appeal is whether the district court below erred in granting summary judgment to Deputy Causey and to the Sheriff, finding him not vicariously liable for the acts and omissions of Deputy Causey.[3]

## II.

On February 5, 1995, Mathis and several of his enlisted compatriots who were stationed at Fort Polk went to Las Margaritas, a local restaurant and bar owned by Robert and Milda Santana. The Santanas employed Deputy Causey in an off-duty capacity as a security guard, and the Sheriff had approved Causey's off-duty employment. Causey was working in his off-duty capacity, in uniform and with his badge and weapon, on February 5th when Mathis and his friends ("the soldiers") got into a confrontation at Las Margaritas with several locals ("the locals").

Causey separated the two groups by sending the locals outdoors. Based upon his and the owners' concern for the safety of the soldiers, Causey ultimately called the Sheriff's department for back-up, and two on-duty Sheriff's deputies, Houston Burns and Ronnie Hagan, were dispatched to, and arrived at the scene.

As the soldiers were escorted by Causey to their car which was owned and driven by Brad Gilbert, Clint Mayo, one of the several locals who had remained in the parking lot next to his white car,

---

[3] We pause here to note that Mathis has pursued this appeal only against Deputy Causey and the Sheriff. Therefore, Deputies Burns's and Hagan's entitlement to summary judgment is not at issue in this appeal and will not be discussed.

exclaimed to the owner of the restaurant, "Mr. Santana, don't worry about any trouble in your place because we're going to take care of it on Highway 171." Shortly after the soldiers left in their vehicle, a separate black vehicle owned by Timothy Hadnot and which had been parked out back, left the restaurant and closely followed the soldiers' vehicle. Upon witnessing this, Causey summoned Deputies Burns and Hagan, who were attempting to restrain one of the more vocal locals in a separate and unrelated disturbance in the parking lot, and he instructed them to follow the soldiers and the second black vehicle driven by Hadnot. They did, but not more than 3/4 of a mile down the road, Hadnot's vehicle struck Gilbert's car forcing it off the road. Gilbert's vehicle then spun 180 degrees, struck a culvert, and flipped. One soldier, Peter Najar, was killed, and Mathis was seriously injured.

Mathis settled a vicarious liability claim against the Santanas' for their part-time security employee's conduct. He also settled claims against Gilbert and his insurance company. He sued Timothy Hadnot and his insurance carrier. He also sued Deputies Hagan and Burns, but as noted above, both were awarded summary judgment by the district court and are not being pursued on appeal. Indeed, the only claims made the subject of this appeal are the claim against Deputy Causey and the vicarious liability claim against the Sheriff for Causey's alleged failure to act.

The Sheriff moved for summary judgment for himself and his deputies arguing that (1) the Sheriff is not vicariously liable for

4

Causey's acts, which were outside the scope of his employment; (2) none of the deputies' acts or omissions were the cause-in-fact of Mathis's injuries; and (3) the deputies' acts or omissions, even if negligent, were too remote from Mathis's injuries to permit recovery. The district court agreed and held that "Causey's actions were related to his employment by Mr. Santana, not by the Sheriff. Although Causey cleared his employment with the Sheriff, there is no competent summary judgment evidence that Causey's actions at Las Margaritas were reasonably incidental to the performance of his duties as a deputy." Accordingly, the district court awarded summary judgment in favor of Deputy Causey as well as the Sheriff.

## III.

We review a district court's award of summary judgment de novo, applying the same standards that would have been applicable in the district court. *See **Sherrod v. American Airlines, Inc.**,* 132 F.3d 1112, 1119 (5th Cir. 1998). Having conducted such a review, having reviewed the record of this case, and having considered the parties' respective briefing with the benefit of argument, we conclude that for substantially the same reasons articulated by the district court in its order, both the Sheriff and Deputy Causey were entitled to summary judgment. Accordingly, the judgment of the district court in favor of, and as it relates to Sheriff Craft and Deputy Causey, is affirmed in all respects.

**AFFIRMED.**